Morrison et al. *v.* Silverburgh.

---

John Morrison et al., Appellants, *v.* Moses P. Silverburgh, Appellee.

### APPEAL FROM JO DAVIESS.

A clerk is not required to state on the face of process, that it is issued under the seal of the court, if the seal is actually affixed.

Applications to discharge on common bail, are addressed to the discretion of the Circuit Courts, and their decisions thereon cannot be assigned for error.

The Supreme Court will not intend that there was a condition to an instrument, which the plaintiff was bound to set out in his declaration and assign breaches thereon.

The opinion of the Chief Justice embodies a history of the questions raised upon the record in this case.

This cause was heard before Sheldon, Judge, and a jury, at March term, 1852, of the Jo Daviess Circuit Court, and resulted in a verdict and judgment for Silverburgh. The Morrisons took this appeal.

T. L. Dickey and E. S. Leland, for appellants.

Higgins & Strother, for appellee.

Treat, C. J. Silverburgh brought an action of debt against J. & H. J. Morrison. The defendants were arrested on a *capias*, and gave bail to the sheriff. The conclusion of the writ was as follows :

" Witness, William H. Bradley, clerk of the Circuit Court of Jo Daviess county, Illinois, at Galena, this 15th of January, A. D. 1852.

" Attest, William H. Bradley, Clerk." [seal.]

The first count of the declaration was upon a common money bond. The second count was on a penal bond, conditioned for the payment of a judgment in the event it should be affirmed in this court. A motion was made by the defendants that they be discharged on common bail, and that the *capias* stand as a summons, which the court overruled. On the 16th of March, a judgment by default was entered against the defendants, and this order made:—" But as those damages are not certainly known, it is ordered by the court, that a writ of inquiry issue, returnable at the present term of this court." An order entered on the 19th of March, states, that " the writ of inquiry heretofore ordered in this cause was this day returned into court by the sheriff, executed, and thereupon came a jury of good and lawful men, to wit;" and it then proceeds to state an assessment by

the jury of the plaintiff's debt at $200, and his damages at $183.50, and concludes with a final judgment thereon.

It is contended that the defendants were not before the court, because the *capias* was not under the seal of the court. The writ was issued by the clerk, and the seal of the court was attached. That was a substantial compliance with the requirement of the statute. A clerk is not required to state on the face of the process that it is issued under the seal of the court. It is enough that he actually affixes the seal to the writ. In such case his act is verified and the object of the statute is answered.

The refusal of the court to discharge the defendants on common bail is assigned for error. Applications of this character are addressed to the discretion of the circuit courts, and their decisions thereon cannot be assigned for error. Bancroft *v.* Eastman, 2 Gilm. 259.

It is insisted that the declaration shows no cause of action, and is, therefore, insufficient to sustain the judgment. The first count is unquestionably good. It is on a bond for the payment of money without any condition. This court cannot intend that there was in fact any condition to the instrument which the plaintiff was bound to set out in the declaration and assign breaches thereon. There is no occasion to inquire into the sufficiency of the second count.

Again, it is insisted that it was error to assess the plaintiff's damages in open court, without first setting aside the assessment returned by the sheriff. We do not understand, from the record, that any assessment of damages had been previously made. On the other hand, we understand the first entry as awarding a writ of inquiry to be executed during the term, and the recital in the subsequent entry as showing only that the sheriff returned a jury for the purpose of having the damages assessed in open court. It does not appear, from the record, that any writ of inquiry was ever issued, or that any proceedings were had before the sheriff out of court in the way of an assessment of damages.

Many other errors are assigned, but they are not of sufficient importance to require the special notice of the court.

The judgment must be affirmed.          *Judgment affirmed.*