# The Michigan Southern and Northern Indiana Railroad Company

## *v.*

## Nathaniel P. Shelton.

INSTRUCTIONS—*must not assume facts.* In an action against a railroad company to recover for a personal injury in being put off the cars of the defendant, the issue made by the parties was, whether the conductor put the plaintiff off the car while it was in motion. The court instructed the jury as follows: "The jury are instructed, that if they believe, from the evidence, that the plaintiff had not paid or offered to pay his fare from Elkhart to South Bend, then the defendant would not be warranted in throwing the plaintiff from the train, in a way to endanger his life or limb, or throw him off while the train was in motion:" *Held,* that the instruction assumed as fact the very matter in contest, and was calculated to prejudice the defendant. The court say, however, that they would not be inclined to reverse for this error alone, if the record had shown that substantial justice had been done.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. JESSE O. NORTON, for the appellant.

Mr. E. W. EVANS, and Mr. P. J. FOOTE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment rendered by the circuit court of Cook county, against appellant. The *gravamen* of the action was, ejecting appellee from one of its cars while in rapid motion, by which he was seriously injured.

There was much testimony heard on the trial on both sides. The point was, did the conductor put the plaintiff off the car while it was in motion.

The court, at the instance of the plaintiff, gave this instruction to the jury:

"The jury are instructed, that if they believe, from the evidence, that the plaintiff had not paid or offered to pay his fare from Elkhart to South Bend, then the defendant would not be warranted in throwing the plaintiff from the train, in a way to endanger his life or limb, or throw him off when the train was in motion."

This instruction assumes as fact the very matter in contest, that the train was in motion, and must have greatly prejudiced the defendant. If the record, however, showed that justice had been done, we would not be inclined to reverse the judgment on this ground, but we think the weight of evidence is, the train was at rest when appellee was ejected.

Under the state of the evidence as it existed, the court should not have cast its weight in favor of the plaintiff, by assuming the existence of a fact which was so stoutly contested.

We think the purposes of justice will be best subserved by sending the cause to another jury, who will find a verdict under proper instructions. The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*