## The Chicago & Alton Railroad Company
### v.
## Patrick Bloomfield.

FIRES FROM LOCOMOTIVES—PROXIMATE CAUSE—INSTRUCTIONS.—In a suit to recover for the burning of a stack of hay, alleged to have been burned by fire communicated from a railway, an instruction that if the jury believe the hay was destroyed by fire communicated from one of defendant's engines, and that defendant's right-of-way was not free from dry grass and other cumbustible matter at the place where the fire started, etc., is erroneous, because it assumes that the fire started on defendant's right-of-way, which was one of the questions in dispute.

APPEAL from the Circuit Court of Macoupin county; the Hon. W. R. Welch, Judge, presiding. Opinion filed September 29, 1880.

Messrs. RINAKER & RINAKER, for appellant; that it should be shown that the fire emanated from the engine, cited C. & A. R. R. Co. v. Clampit, 63 Ill. 95; Ill. Cent. R. R. Co. v. Frazier, 64 Ill. 28; C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; P. C. & St. L. R. R. Co. v. Campbell, 86 Ill. 343.

The plaintiff failed to make out a *prima facie* case, and the judgment should be reversed: I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

Messrs. COHN & SHIRLEY, for appellee; as to the right to recover, cited C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; Rev. Stat. 1874, 814, § 78; 807, § 38; P. C. & St. L. R. R. Co. v. Campbell, 86 Ill. 443.

HIGBEE, J.   This suit was brought by appellee against appellant to recover the value of a stack of hay alleged to have been burned by sparks of fire escaping from one of appellant's engines passing on its road.

The stack was four hundred and fifty feet from the road, but appellee attempted to prove that the fire originated on the right-of-way and extended to the stack.

Appellant attempted to show that the fire commenced at the stack and extended to its right-of-way, and that it was not caused by sparks from its engine.   On this question there was a conflict in the evidence.

The court, at the instance of appellee, gave this instruction to the jury:

1.   That if they believe from a preponderance of the evidence in this case, that the plaintiff's hay was destroyed by fire communicated from one of defendant's engines, and that defendant's right-of-way was not free from dry grass, leaves and other combustible matter at the place where the fire started, then the defendant is *prima facie* guilty of negligence, and the burden of overcoming such *prima facie* case by evidence is upon the defendant; and unless the jury believe that the defendant by its evidence has overcome such *prima facie* case, they will find for the plaintiff, and assess his damages at what

the evidence shows such hay was worth at the time it was destroyed.

This instruction assumes as a fact the very matter in contest, that the fire started on defendant's right-of-way; and must have greatly prejudiced appellant.

The evidence was so conflicting and uncertain upon this point that it was of the utmost importance to the rights of the parties, that the instructions should be accurate, and not assume the existence of a fact so strongly contested.    M. S. & N. I. R. R. Co. v. Shelton, 66 Ill. 424;  Alexander v. Town of Mt. Sterling, 71 Ill. 366;  City of Chicago, v. Bixly, 84 Ill. 82.

The judgment is reversed and the cause remanded.

Reversed and remanded.