LORENZO JAMES ET AL.

V.

ISABEL JOHNSON.

1. EVIDENCE—SPECIAL KNOWLEDGE.—A witness who is possessed of special knowledge upon a subject of which the jury are not able to judge for themselves is competent to testify upon such subject and it is not a valid objection to his evidence that the question involves the point at issue to be decided by the jury.

2. NEGLIGENCE—INSTRUCTIONS—PROVINCE OF JURY.—Negligence is a question of fact to be proved like any other material averment. In instructions to the jury, when negligence is the gist of the action, it is the duty of the court to define negligence and tell the jury what it is in law and leave all inferences arising from the existence of facts proved to be drawn by the jury.

3. INSTRUCTIONS—DAMAGES.—Where the act complained of was not wanton or willful and no evidence before the jury authorized punitive damages it was error to instruct the jury if they found for plaintiff " to assess her damages at such sum as they may believe from the evidence she is entitled to receive." The instructions should have limited her right of recovery to such damages as she had sustained.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HENDERSON, Judge, presiding. Opinion filed January 16, 1883.

Appellee, Mrs. Johnson, hired her boy, thirteen years old, to

appellants to pick apples to be made into cider; and after he had been at work a week, appellants, without the consent of his mother, placed him on the platform of a horse-power to drive the team while grinding the apples. After driving a few minutes the boy became dizzy and either fell or attempted to get off, when his foot was caught between the master wheel and the pinion wheel, and so badly crushed as to render amputation necessary. It is averred that the horse power was old, worn, out of repair, unsafe and dangerous, and that the boards on the platform were loose and not sufficient in size to cover the machinery, all of which was known to defendants, whereby they were guilty of gross negligence, and that the boy was injured by reason thereof while in the exercise of due care.

Mr. J. L. BEVAN and Messrs. BLINN & HOBLIT, for appellants; that it was competent for witnesses, who had great experience in the driving and using of horse powers to give their opinion as to the safety of the platform on the horse power, cited 1 Wharton on Ev. § 444, 390–394; Moulton v. McOwen, 103 Mass. 587; Transportation Line v. Hope, 5 Otto, 297.

The trial court has no right to instruct the jury that certain enumerated acts or facts will or will not constitute negligence: Shearman and Redfield on Neg. § 11, pp. 12, 13; G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 509; G. & C. U. R. R. Co. v. Dill, 22 Ill. 264; T. P. & W. R'y Co. v. Foster, 43 Ill. 415; Owen v. Chicago, 10 Bradwell, 465; C. & A. R. R. Co. v. Robinson, 8 Bradwell, 140; Gilman v. Bailey, 7 Bradwell, 349; St. L. A. & T. H. R. R. Co. v. Pflugmacher, 9 Bradwell, 300; Schmidt v. C. & N. W. R'y Co. 83 Ill. 405; Glover v. Gray, 9 Bradwell, 329; Stratton v. Cent. City H. R'y Co. 95 Ill. 25; Penn. Co. v. Conlan, 101 Ill. 93; Great West. R. R. Co. v. Haworth, 39 Ill. 353; C. & A. R. R. Co. v. Pennell, 94 Ill. 448.

When there is a great conflict of testimony, instructions must be clear and accurate: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Bald

win v. Killian, 63 Ill. 550; I. C. R. R. Co. v. Maffitt, 67 Ill. 431; Keyes v. Fuller, 9 Bradwell, 528; Mo. Furnace Co. v. Abend, 9 Bradwell, 319; Kadish v. Bullen, 10 Bradwell, 566; Covert v. Nolan, 10 Bradwell, 629.

An instruction should not assume a disputed fact to be true: Sherman v. Dutch, 16 Ill. 283; Dart v. Horn, 20 Ill. 212; Chicago v. Bixby, 84 Ill. 82; Warren v. Wright, 3 Bradwell, 602; La Salle v. Thorndike, 7 Bradwell, 282; C. & A. R. R. Co. v. Bloomfield, 7 Bradwell, 211; Covert v. Nolan, 10 Bradwell, 629.

Appellee was only entitled to remuneration for the damages she had sustained: Waldron v. Marcier, 82 Ill. 550.

Mr. F. L. CAPPS and Messrs. BEACH & HODNETT, for appellee; that where the facts can be so described as to enable the jury to form a just conclusion from them, a witness is not allowed to testify as to his opinion, cited Hopkins v. I. & St. L. R. R. Co. 78 Ill. 32; Pate v. The People, 3 Gilman, 644; Penn. Co. v. Conlan, 101 Ill. 93; Chicago v. McGiven, 78 Ill. 347.

The damages are not excessive: C. & A. R. R. Co. v. Becker, 84 Ill. 483; C. & A. R. R. Co. v. Delaney, 82 Ill. 198; Chicago West Div. R'y Co. v. Hughes, 69 Ill. 170; C. & A. R. R. Co. v. Gregory, 58 Ill. 226; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; N. L. Packet Co. v. Binninger, 70 Ill. 167.

It was not necessary to prove any damages: Chicago v. Scholten, 75 Ill. 469; Chicago v. Major, 18 Ill. 349; C. & A. R. R. Co. v. Morris, 26 Ill. 346.

Master is bound to provide safe machinery and a safe place to work in: T. P. & W. R. R. Co. v. Fredericks, 71 Ill. 294; C. A. & St. L. R. R. Co. v. Shannon, 43 Ill. 338; Coombs v. N. B. C. Co. 102 Mass. 573; Perry v. Ricketts, 55 Ill. 234; Smith on Master and Servant, 212; Wharton on Neg. § 859.

The law does not impute negligence to an infant of tender years: C. & A. R. R. Co. v. Becker, 84 Ill. 483; Kerr v. Forgue, 54 Ill. 482; C. & A. R. R. Co. v. Gregory, 58 Ill. 226; C. & A. R. R. Co. v. Murray, 71 Ill. 601; Weick v. Lander, 75 Ill. 93.

Where servant is ordered to do work more hazardous than his usual labor and is injured thereby, the master is liable: Lalor v. C. B. & Q. R. R. Co. 52 Ill. 401; Fairbanks v. Haeutzche, 73 Ill. 236.

Master can recover for injury to servant, whereby he has lost his services: Ames v. U. R. R. Co. 117 Mass. 541; Alton v. Midland R'y Co. 19 C. B. (U. S.) 213; 2 Addison on Torts, § 1293; 1 Hill on Torts, 62, Vol. 2, 479.

Instructions when correct as a series, are sufficient: T. P. & W. R'y Co. v. Ingraham, 77 Ill. 309; N. L. Packet Co. v. Binninger, 70 Ill. 571; Yundt v. Hartunft, 41 Ill. 9; I. C. R. R. Co. v. Swearengen, 47 Ill. 206; Vinegar Hill v. Busson, 42 Ill. 45; Durham v. Goodwin, 54 Ill. 469; Stowell v. Beagle, 79 Ill. 525.

Instructions did not take away question of negligence from jury: O. & M. R'y Co. v. Porter, 92 Ill. 438.

The giving of erroneous instructions will not be error, where evidence clearly shows verdict was right: Hall v. Stroufe, 52 Ill. 421.

HIGBEE, J. Appellee recovered a judgment against appellants in the court below for alleged negligence in placing her son on an unsafe and dangerous platform of a horse power, to drive the horses, from which he fell and received the injury complained of.

Numerous objections are urged in argument against the rulings of the trial court.

First. It is claimed the court erred in sustaining appellee's objection to the following question propounded to two of appellant's witnesses, Wm. Cisco and W. A. Jones, and refusing to permit them to answer the same:

" From your experience in running and handling horse powers like this one, I will ask you to state whether in your opinion the platform in this power was a safe or an unsafe place for a boy of ordinary intelligence and prudence, twelve to thirteen years of age, to work upon in driving two horses hitched thereto?"

These witnesses had testified that they had been engaged in

using horse powers of this kind for at least fourteen years and that they had had a large experience in the use of such machines. This knowledge of the business entitled the witnesses to testify as experts. They were familiar with the subject and possessed knowledge in reference thereto not possessed by the jury or persons in general. It is not necessary that a specialty, to enable one acquainted with it to be examined as an expert, should involve abstruse questions of science. If the witness is possessed of a special knowledge of a subject of which the jury are not able to judge for themselves, he is competent to testify, and it is not a valid objection to his evidence that the question involves the point at issue to be decided by the jury. Wharton on Evidence, Sec. 444. Transportation Co. v. Hope, 5 Otto. 299; Moulton v. McOwen, 103 Mass. 587.

Again, appellee's witnesses, Lucky and Markland had been permitted to testify in her behalf that the platform "was not large enough to be safe for a boy of that age to sit upon and drive," and the evidence offered and excluded was of the same character and fairly tended to rebut the evidence of these witnesses.

Second. It is contended that the court erred in giving instructions in behalf of appellee. The first, seventh, ninth, tenth and twelfth tell the jury as a matter of law, that certain facts set forth in each of said instructions *per se* constitute negligence on the part of appellants.

In this the court invaded the province of the jury. Negligence, which is the *gist* of the action, is a question of fact to be proved like any other material averment. The court should define negligence and tell the jury what it is in law, and leave them to find the facts and determine whether or not they support the charge under such definition. All inferences arising from the existence of facts proved should be drawn by the jury and not by the court. L. E. & W. Ry. Co. v. Zoffinger, 10 Bradwell, 253; Pennsylvania Co. v. Conlan, 101 Ill. 93.

The third and seventh instructions are faulty for assuming that appellants were guilty of negligence in putting the boy on the platform to drive. This material fact should have been

submitted to the jury and it was error in the court to assume it in the instructions. City of Chicago v. Bixby, 84 Ill. 82; M. S. & N. I. R. R. Co. v. Shelton, 66 Ill. 424; C. & A. R. R. Co. v. Bloomfield, 7 Bradwell, 211.

The first, third, seventh, eighth, tenth, eleventh and twelfth instructions each inform the jury that if they find for the plaintiff they shall " assess her damages at such sum as they may believe from the evidence she is entitled to receive." If the plaintiff was entitled to recover, it was to the extent of the pecuniary damages she had sustained only. The act was not wanton or willful and no evidence before the jury authorizes punitive damages to be awarded by the jury.

Under such circumstances the instructions should have limited her right of recovery to such damages as she had sustained, instead of allowing them to give her such an amount as they thought, from the evidence, she was entitled to. Waldron v. Marcier, 82 Ill. 550. The judgment is reversed and the cause remanded.

