ANDREAS COPPNER, by, etc.,

v.

THE PENNSYLVANIA COMPANY.

1. GENERAL RULE IN CASES OF TRESPASSERS ON PRIVATE GROUNDS.—The owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, idlers, bare licensees, or others who come upon them not by invitation, either express or implied, but for their own convenience or pleasure, or to gratify their curiosity, however laudable their purpose may be.

2. EXCEPTION—CHILDREN — NEGLIGENCE.—The owners of private grounds are liable for injuries to children although trespassing at the time, where from the peculiar nature and exposed position of the dangerous defect or agent, the owner should reasonably anticipate such injury to flow therefrom, as actually happened.

3. THE SAME.—The distinguishing principle upon which such cases rest is that the persons injured were mere children without judgment or discretion, and likely to be drawn by childish curiosity or the instincts of childhood into places of danger.

4. QUESTION OF NEGLIGENCE FOR JURY TO DECIDE.—The jury in the present case should have been left to find from the evidence whether the bridge in question was a dangerous structure from which defendant should have reasonably anticipated such injury as occurred, and whether the servants in charge of the bridge used ordinary care and precaution to prevent the happening of the injury.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN WILLIAMSON, Judge, presiding. Opinion filed March 27, 1883.

This was an action on the case to recover damages for a personal injury to the plaintiff. The defendant, the Pennsylvania Company, owns and operates a railway running within and along Stewart avenue, public a street in the city of Chicago, to the south branch of the Chicago river, and crossing said river by means of a draw-bridge. The rails on the draw-bridge are so laid as to project four or five inches beyond the ends of the bridge, so as to rest on the abutment when the bridge is closed. At the time of the injury complained of, the plaintiff, a child between four and five years old, and his

Coppner v. Pennsylvania Co.

sister, a year or two older, had left their home, which was a block or two south of the bridge, while their mother was at work in her garden, and without her permission or knowledge, and were playing in Stewart avenue near the river. As the plaintiff was standing about four feet from the edge of the abutment, the bridge tenders came out of a little house at the south end of the bridge, and passing within about four feet of where the plaintiff stood, went onto the bridge and opened it for the passage of a vessel. As the bridge was being opened the plaintiff approached to within about two feet of the edge of the abutment, and stood there until the vessel had passed; and after the bridge had been closed sufficiently to bring the end of it adjacent to where the plaintiff stood, he attempted to step on to the bridge, and in doing so, caught one of his feet between the end of the rail in the abutment and the end of the rail projecting from the bridge, thereby crushing and severely mutilating it. The evidence tends to show that the defendant's servants in charge of the bridge were aware that the plaintiff was standing where he was while the bridge was being opened and closed, but it appears that nothing was said or done by them, by way of warning him to go away, or otherwise guarding him against injury.

The declaration alleges that said bridge was located in a populous district of said city; that it was very attractive and enticing to children, but that it was dangerous for children to be at or about it while being opened and closed; that it therefore became the duty of the defendant while moving and turning said bridge to keep a reasonable lookout and watch over its approaches, and to use reasonable precautions to prevent children from approaching and being about said bridge while in motion, and being thereby injured; that the defendant, not regarding its said duty, moved and turned said bridge as aforesaid, and in so doing, wrongfully and negligently failed to keep any lookout or watch over the approaches thereto, or to use any precautions whatever to prevent children approaching or being near said bridge while being so moved and turned, but therein wholly failed and made default by reason whereof the plaintiff, a child of tender age, did ap-

proach and was about said bridge while so in motion, and thereby received said injury.

At the close of the plaintiff's evidence, the court, on motion of the defendant, instructed the jury that the evidence was not sufficient to sustain a verdict in favor of the plaintiff, and directed them to find the defendant not guilty. A verdict was accordingly rendered for the defendant, and the court, after overruling the plaintiff's motion for a new trial, gave judgment in favor of the defendant for costs.

Mr. CLARENCE F. DORE and Messrs. RUBENS & McGAFFEY, for plaintiff in error; as to a demurrer to evidence, cited Phillips v. Dickerson, 85 Ill. 11; Poleman v. Johnson, 84 Ill. 269.

Where there is evidence tending to establish plaintiff's claim, it is an invasion of the province of the jury to instruct them to find for defendant: Guerdon v. Corbett, 87 Ill. 272; Pemberton v. Williams, 87 Ill. 15; Railroad Co. v. Stout, 17 Wallace, 657.

Where injury occurs to child trespassing on private grounds, from dangerous defects or agents, it is a question of negligence for the jury: Union Stock Yards & T. Co. v. Rourke, 10 Bradwell, 474; Railroad Co. v. Stout, 17 Wallace, 657; Keffe v. M. & St. P. R. R. Co. 21 Minn. 207; Hydraulic Works Co. v. Orr, 83 Penn. 232; Whirley v. Whitman, 1 Head (Tenn.), 610; Frick v. St. L. K. C. & N. R'y Co. 5 Mo. App. 435; Lynch v. Nurdin, 12 B. 29; Birge v. Gardiner, 19 Conn. 507; I. C. R. R. Co. v. Middlesworth, 46 Ill. 494; C. & A. R. R. Co. v. Pennell, 94 Ill. 448.

Proof of similar accidents is admissible to show that the cause was a dangerous thing: Hill v. P. & R. R. R. Co. 55 Me. 438; Darlings v. Westmoreland, 52 N. H. 401; Home v. Metcalf, 27 Conn. 631.

There is no better evidence of negligence than the frequency of accidents: M. & C. R. R. Co. v. Ashcraft, 49 Ala. 305.

Failure to keep constant watch is not negligence in parents who are obliged to work for a living: City of Chicago v.

Major, 18 Ill. 349; C. & A. R. R. Co. v. Gregory, 58 Ill. 226; City of Chicago v. Hesing, 83 Ill. 204.

Messrs. Willard & Driggs, for defendant in error; that the instruction was proper as the injury was in no wise caused by any neglect or default on the part of defendant, cited Gavin v. City of Chicago, 97 Ill. 66; C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; C. A. & R. R. Co. v. McLaughlin, 47 Ill. 265; Poleman v. Johnson, 84 Ill. 269.

Bailey, P. J. We are clearly of the opinion that, under the evidence in this case, the question whether the defendant was guilty of negligence as charged in the declaration, was a question for the jury, and that the instruction directing the jury to find the defendant not guilty was erroneous.

We do not deem it very material to determine whether the injury complained of was inflicted while the plaintiff was upon a public street of the city of Chicago or otherwise, although he seems to have been at the time within the boundaries of a street, it being admitted at the trial that Stewart avenue is a public highway leading south from the south bank of the south branch of the Chicago river. If, under this admission, we are to regard that edge of the abutment as the terminus of the street, it appears that the rails of the railway track on the bridge extended four or five inches onto the abutment, so that the place where the plaintiff was standing immediately prior to the injury, and the place where his foot was caught and the injury inflicted, were by at least that distance within the line which marked the terminus of the street.

But even if we are to regard the *locus in quo* of the injury, as being wholly upon the private grounds of the defendant, we think there was evidence which should have been submitted to the jury tending to charge the defendant with negligence. The general rule doubtless is, that the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, idlers, bare licensees or others who come upon them, not by invitation, either express or implied, but for their own convenience or pleasure, or to

gratify their curiosity, however innocent or laudable their purpose may be. 1 Thompson on Negligence, 303.

To this rule, however, there are various exceptions, and one well recognized by the authorities is, where the owners of grounds are held liable for injuries to *children*, although trespassing at the time, where, from the peculiar nature and exposed position of the dangerous defect or agent, the owner should reasonably anticipate such injury to flow therefrom, as actually happened. In such cases it is held that the question of negligence is for the jury. See Union Stock Yards, etc. v. Rourke, 10 Bradwell, 474, and the cases there cited. The distinguishing principle upon which all such cases rest is, that the persons injured were mere children, without judgment or discretion, and likely to be drawn by childish curiosity, or the instincts of childhood, into places of danger.

In the present case, the jury should have been left to find from the evidence, whether the bridge in question was a dangerous structure, from which the defendant should reasonably have anticipated such injury to happen as the plaintiff actually suffered therefrom, and whether the servant of the defendant in charge of said bridge, under all the facts and circumstances appearing in evidence, used ordinary and reasonable care and precaution to prevent the happening of such injury.

The case of City of Chicago v. Gavin, 1 Bradwell, 302, decided by this court, and afterward by the Supreme Court (Gavin v. City of Chicago, 97 Ill. 66), to which we are referred, does not, so far as we can see, conflict in the least with the view we have taken in this case. In that case there was no charge of negligence in operating the bridge, but merely in the manner in which it was constructed and maintained. The question was simply as to the measure of care required of a municipal corporation in the maintenance of its bridges, and it was held to be its duty to keep and maintain them in a reasonably safe condition, but not so as to render injuries to persons using them, impossible. Here the defendant is a private corporation charged with negligence in operating a bridge erected by it either on its own grounds or in the pub-

lic highway, for its own convenience and benefit, and the question is, whether there is any evidence for the jury to consider, tending to support the charge of negligence. The propositions now before us being so essentially different in all their features, from those involved in Gavin's case, we are unable to perceive the bearing of that decision as an authority here.

At the trial the plaintiff's counsel offered to prove that previous to the injury to the plaintiff, other persons had been injured at the same place, in the same manner, which evidence was excluded. As to the propriety of this ruling, the views of the members of this court are not quite harmonious, and we therefore forbear to express any opinion upon the question. But for the error in the instruction to the jury, the judgment will be reversed and the cause remanded.

Judgment reversed.