TERRE HAUTE & INDIANAPOLIS RAILROAD COMPANY
v.
JULIA VOELKER, ADMINISTRATOR.

*Railroads—Personal Injury at Street Crossing—Action for Damages— Dangerous Rate of Speed—Statutory Signal—Ordinance—Sec. 9, Art. 4, Priv. Laws 1869—Comparative Negligence—Contributory Negligence— Special Interrogatories—Evidence—Instructions.*

T. H. & I. R. R. Co. v. Voelker.

1. Under Sec. 9, Art. 4, Priv. Laws of 1869, the signature of the mayor is unnecessary to the validity of an ordinance.

2. In view thereof, the introduction in evidence of a copy of an ordinance accompanied by the certificate under seal of the city clerk, setting forth the accuracy of the same, can not be complained of.

3. It is *prima facie* negligence in a railroad company to fail to place a bell or whistle upon each of its locomotives, or to give the statutory signal when approaching a crossing.

4. Negligence is a question of fact for the jury, except where the conclusion of negligence necessarily results from the facts.

5. An instruction which states that facts set out in certain counts of the declaration, which have been held good on demurrer, will, if proven, justify a verdict for the plaintiff, may be properly given.

6. It is proper to give an instruction to the effect that, if the averments of the declaration as to the acts of the defendant are proven, they warrant a verdict, the person injured being at the time of the accident in the exercise of due care.

7. It is proper to instruct the jury that the running of a train within corporate limits, at a higher rate of speed than is allowable under an ordinance, is an act of negligence which will warrant a recovery in case of an accident caused thereby, due care being exercised by the person injured.

8. An instruction may be given to the effect, that in order to recover for an injury, a person need not be wholly free from negligence, provided he uses ordinary care and his negligence is slight in comparison with that of the other party, which is gross.

9. It is proper in such cases to modify an instruction, seeking to have the question of negligence determined by the court, in such manner as to leave it to the jury, with whom it belongs.

10. The court may modify a proposition sought to be submitted to the jury for their special finding, so that the same shall have reference to an issue as made by the pleadings in the case, in regard to a fact that must be affirmatively shown before a verdict can be sustained.

11. In an action against a railroad company to recover damages for causing the death of plaintiff's intestate, this court declines to interfere with a verdict for $3,500 in her behalf.

[Opinion filed March 14, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. JOHN G. WILLIAMS and A. S. WILDERMAN, for appellant.

Mr. W. C. KUEFFNER, for appellee.

The appellant neglected its duty, by its failure to ring a bell or sound a whistle to apprise the deceased of approaching danger, and it does not appear that they were apprised in any other way.

The evidence is, that even in daylight they would not have been able to see the approaching train at a greater distance than 1,000 or 1,100 feet from St. Clair avenue, the view beyond being obstructed by cars standing on a switch.    And any one approaching the crossing had a right to make his calculations on the assumption that the railroad would obey the requirements of the law and the city ordinance.

" Ordinarily one may presume that another will observe the law regulating his conduct, and may act accordingly, and there may be cases where a person crossing a track, when he knows a train is coming, may rely upon the presumption and be guilty of no or only slight negligence."    W., St. L. & P. R. R. Co. v. Weisbeck, 14 Ill. App. 527; St. L., V. & T. H. R. R. Co. v. Dunn, 78 Ill. 200.

The signature of the mayor is not a part of an ordinance, but it is only one of the steps to make the ordinance valid, the same as its passage by the city council.

" It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law.    If the conclusion of negligence, under the fact stated, may or may not result, as shall depend on other circumstances, the question is one of fact for the jury."    C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 597.

" Where a case is put to a jury by instructions, upon certain recited facts, great care is necessary to state all the controlling facts fairly, and the safer rule is merely to announce the rule of law applicable, without singling out and laying stress upon certain facts claimed to be proved, if there is any serious conflict as to them, or if they involve or are dependent upon important facts not stated."    Prickett v. Madison County, 14 Ill. App. 454.

" When the court assumes to direct the attention of the jury to the facts, it should refer them to all the facts, so as to

present the case fairly for both parties. Evans v. George, 80 Ill. 51; Ogden v. Kisby, 79 Ill. 556. Where there is a conflict of evidence it is important that the instructions should not be only accurate, but clear and perspicuous. Volke v. Roche, 70 Ill. 299." Burt et al. v. Batavia, etc., Cor., 86 Ill. 66.

"Negligence is a question of fact for the jury and not a question of law. In Great Western Railroad Co. v. Haworth, *supra*, it was held that negligence is the opposite of care and prudence; it is the omission to use the means reasonably necessary to avoid injury to others, and is not a legal question, but is one of fact to be proved like any other question. The instruction took the question of fact from the jury—a question which it was their province to determine." C. & A. R. R. Co. v. Pennell, 94 Ill. 455.

But there is another and fatal defect in this instruction, and that is, there is no evidence in this case on which to base it. It nowhere appears that the defendant did not look and listen. For all that appears to the contrary, he may have done so.

" It is an elementary principle of universal application, that all instructions to a jury should be based upon evidence; from which it legally, logically results that it is not error to refuse an instruction which announces a mere abstract proposition of law not suggested or warranted by the evidence in the case." U. S., etc., Co. v. Wilder, 116 Ill. 105.

PHILLIPS, J. The appellee, administratrix of Edward Voelker, deceased, filed her declaration, alleging the killing of Edward Voelker by appellant's train; the third count averring that the defendant's road crossed St. Clair avenue, in the city of East St. Louis, in said county of St. Clair, and that it was the duty of the defendant to ring a bell or sound a whistle within eighty rods of the crossing, etc., and further averring defendant's neglect to do so. The count also avers that Edward Voelker, with due care and caution, was driving a team, attached to a wagon, along St. Clair avenue, and in attempting to cross said defendant's road thereon, was struck and so injured that death resulted within a few days thereafter.

The fourth count alleges that by an ordinance of the city of East St. Louis, numbered 460, amended by an ordinance numbered 462, the speed of passenger trains within the corpo-, rate limits of the city was limited to not exceeding ten miles per hour; that St. Clair avenue was a public street in said city, and that the defendant's road crossed the same within the corporate limits of the city, when Edward Voelker, with due care and caution, driving his team attached to a wagon, along said street, in attempting to cross defendant's said road thereon, was struck and injured by the train of appellant, so that his death soon resulted; this count further averring that at the time said Voelker was so struck, said train was running at a rate of thirty miles per hour in the corporate limits of the city.

The fifth count is similar to the fourth, without the averment of an ordinance.

A demurrer was sustained to the first and second counts of the declaration, when a trial was had upon issue joined on the remainder, a verdict rendered and judgment entered for the plaintiff for $3,500; whereupon defendant, by appeal, brings the record to this court for review.

The first error assigned is that the court erred in admitting improper evidence for appellee. It is urged that the ordinances, numbers 460 and 462, offered in evidence, did not purport to be signed by the mayor, and were therefore not the ordinances of the city. The ordinance, 460, and the amendatory ordinance, 462, as appears in the count above described, are ordinances limiting the speed of passenger trains within the limits of the city to not exceeding ten miles per hour.

The certificate of the city clerk, under the seal of the city, it appears from the record, was attached to the ordinances, certifying them to be correct copies of the originals, kept in the office of the clerk. It is not essential to the validity of an ordinance that it should be signed by the mayor, for, under the act of incorporation of the city of East St. Louis, an ordinance duly passed by the city council, if retained by the mayor more than five days after the same is presented for

his approval, becomes an ordinance of the city; and if an ordinance is duly passed by the city council, and on being presented to the mayor, is by him vetoed, it may be passed over his veto. In either event, therefore, the mayor's signature would not be attached by way of approval of the ordinance, nor would his signature thereto be necessary to its validity. Sec. 9, Art. 4, Private Laws 1869, 896. The objection to the introduction of the ordinances, therefore, was not well taken, and there was no error in allowing them to go in evidence.

There was a conflict in the evidence with reference to the speed of the train; as also to whether the bell was rung or whistle sounded, in accordance with the requirement of the statute.

These were questions solely for the jury; the witnesses were before them, with a full opportunity to judge their credibility, from their manner on the stand, their fairness in testifying, and the reasonableness of their testimony; and in view of such opportunity of so judging, where, as here, a conflict in the evidence occurs, the Appellate Court will not disturb a verdict when the jury have been properly instructed, unless, from a consideration of all the evidence, the verdict is manifestly contrary thereto.

But, after such a consideration in this case, it can neither be said that so high a rate of speed as thirty miles per hour was not shown, nor that there was insufficient evidence to warrant the finding that a bell was not rung or whistle sounded, within the statutory distance from the crossing of the railroad over the public street. Such, therefore, being so'e'y questions for the jury, under proper instructions by the court, we will proceed to consider the assignment of errors with respect to the instructions given by the court, at the request of the plaintiff.

The first is, that if the jury believe from the evidence that the plaintiff has made out her case, as set out in either the third, fourth or fifth counts of the declaration, they should find for the plaintiff.

This instruction simply states the proposition that such

counts of the declaration as have been held good when chal-
lenged by demurrer, set out facts which, if proven, would
entitle the plaintiff to a verdict; and as the counts therein
referred to were unobjectionable in form and stated a cause
of action, there was no error in giving this instruction.

The second instruction is that if the railroad company was
guilty of a wrongful act, neglect or default, as charged in the
third, fourth or fifth counts of the declaration, while the
deceased, Edward Voelker, used ordinary care, and his death
resulted, leaving a surviving widow and children, the plaintiff
is entitled to recover, having reference only to pecuniary
injuries, and excluding the consideration of sorrow or grief or
pain, and stating the amount of the verdict not to exceed the
limit of $5,000.

This instruction substantially directs the jury that if the
averments of the declaration as to the acts of the defendant
were proven, they warrant a verdict; if Edward Voelker was
thereby injured and died, and at the time was using due care
and caution, it was not error to give the second instruction.

The third instruction is as to the duty of the railroad com-
pany with reference to a bell or whistle being kept on the
locomotive, and the same being rung or sounded at a distance
of at least eighty rods from a public crossing, and kept ring-
ing or sounding until the crossing is reached; and if the
railroad company ran its locomotive engine and cars on its
track toward and across said crossing, called St. Clair avenue,
and omitted to ring the bell or sound the whistle continu-
ously for the distance of eighty rods before reaching said
crossing, as alleged in the third count, such omission would
constitute a *prima facie* case of negligence on the part of the
railroad company; and if Edward Voelker was injured and
died by reason thereof, as alleged, in consequence of the
omission so to ring the bell or sound the whistle, and he was
at the time exercising reasonable and ordinary care and cau-
tion, the plaintiff would be entitled to recover.

The duty of the railroad company to have a bell or whistle
placed on each locomotive, and on approaching a crossing to
keep the same ringing or sounding for a distance of at least

eighty rods therefrom, until the crossing is reached, is one enjoined by statute, and the neglect of the railroad company to so provide a bell or whistle, or to keep the same so rung or sounded on approaching a public crossing, is *prima facie* negligence; and if, in consequence of such neglect, an injury results, the company would be liable. Galena & Chicago Union R. R. Co. v. Loomis, 13 Ill. 551; C. & A. R. R. Co. v. Elmore, 67 Ill. 176; Wabash Ry. Co. v. Elliott, 98 Ill. 481.

The fourth instruction is that if the speed of railroad passenger trains within the corporate limits of East St. Louis was limited to not exceeding ten miles an hour by the ordinances of the city, and the defendant company ran its passenger train on its track within said corporate limits at a greater rate of speed than ten miles an hour, and while so doing and in consequence thereof Edward Voelker was struck and injured by said train, and died from the effects of the injury thus received, he, at the time of being so struck, using all reasonable and ordinary care and caution, then the plaintiff is entitled to recover.

The right to limit the speed of trains by the ordinances of the city is conferred by law, and a violation of the ordinance by the company in running at a higher rate of speed than permitted, would be such an act of negligence as that charged in the fourth count of the declaration, and if, in consequence of that negligence, the deceased, while using due care and caution, was struck by the train, and died from the effects of the injury thus received, a right of action resulted against the company. This instruction properly stated the law and it was not error to give it. L. S. & M. S. Ry. Co. v. Berlick, 2 Ill. App. 596; C., B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 187.

The fifth instruction given for plaintiff is, that while a person is bound to use reasonable care to avoid injury, he is not held to the highest degree of care or prudence of which the human mind is capable; and to authorize a recovery for an injury he need not be wholly free from negligence on his own part, provided he uses ordinary care, and his negligence is slight as compared with the negligence of the other party,

and the negligence of the other party is gross; and if the jury believe that Edward Voelker was guilty of slight negligence, but used ordinary care, while the negligence of the defendant, as charged in the declaration and shown by the evidence, as compared therewith, was gross, and that the injuries complained of were caused thereby, then such slight negligence would not bar a recovery.

This instruction correctly states the rule of comparative negligence, and it was not error to give it.

To cite authorities would be a work of supererogation.

The appellant assigns as further error a modification by the court of the first instruction presented on behalf of the defendant.

The court was asked by defendant to instruct the jury that a person approaching a railroad crossing is in duty bound to look along the line of the road, or to listen, or use any other reasonable means of informing himself of the approach of a train, before going upon the crossing, and if he omits so to do, such omission on his part is negligence in itself, and if deceased was guilty of such negligence, then he failed to exercise ordinary care.

The court struck out of this instruction that part which states that the omissson referred to is in itself negligence, and refused to instruct the jury as to what they should find to be an exercise of ordinary care in the case, but instead left the question to the jury to be determined from the evidence, whether the deceased had failed to exercise ordinary care.

The instruction, as asked, would have deprived the jury of their right to determine for themselves the question of negligence, for it sought to have the question determined by the court, which the court very properly refused, and accordingly so modified the instruction as to leave the question where it belonged. Such modification was proper and not error. Negligence is a question of fact for the jury, except where the conclusion of negligence necessarily results from the statement of fact.

If from all the facts the conclusion of negligence does not result, it is a question for the jury. C. & A. R. R. v. Pen-

nell, 94 Ill. 455; C. & E. I. R. R. Co. v. O'Connor, 119 Ill 597; G. W. R. R. Co. v. Haworth, 39 Ill. 346; Penn. Co. v. Frana, 112 Ill. 398.

There is no evidence in this record of the failure of the deceased to listen or look for the approaching train, or that he in any manner neglected proper precaution to avoid injury, and, while from the evidence it appears that he drove up on the crossing at a slow trot in a covered milk wagon, having the sides inclosed, except at two places used to hand out milk, yet it does not appear that he did not look out through the openings in the covering of the wagon or listen for the approach of the train, and therefore a determination by the court in such a case of the question of negligence, would have been an unwarrantable invasion of the province of the jury. The evidence discloses a conflict on the question of the speed of the train, and whether a bell was rung or whistle sounded.

The assumption of negligence in such case, without proof that the deceased, Edward Voelker, did not look or listen for the approach of a train, should not have been made. And an instruction which stated such fact as assumed and as negligence on the part of Edward Voelker as a matter of law would be improper, not having reference to all the facts.

The instruction asked by the defendant is as follows:

"The court instructs the jury that it is the duty of a person approaching the crossing of a railroad over a public highway to look and to listen for the approach of the train, and if he goes upon the track without taking such precautions to guard against accident, and sustains an injury in consequence of his failure to take such precautions, he can not recover ; and if the jury believe from the evidence that the said deceased, Edward Voelker, went upon the crossing of the defendant's railroad over St. Clair avenue without looking or listening for the approaching train, and received the injury from which he died, then the plaintiff can not recover, and the verdict should be for the defendant."

This instruction was refused by the court, to which refusal the defendant excepted and now assigns the same as error.

The objection stated to defendant's first instruction is

equally pertinent to this, as seeking to deprive the jury of the right of determining for themselves the question of the comparative negligence of the deceased, and thereby asking the court to invade the province of the jury.    To refuse this instruction, therefore, was not error.    Chicago & North-western R. R. Co. v. Hatch et al., 79 Ill. 137 ; G. W. R. R. Co. v. Haworth, *supra;* James v. Johnson, 12 Ill. App. 286 ; Meyers v. I. & St. L. Ry. Co., 113 Ill. 386 ; Coppner v. Pennsylvania Co., 12 Ill. App. 600.    Finally the defendant presented to the court certain special findings, with the request that they be submitted to the jury for decision.    The first, second, third and fifth of these special findings the jury were required to answer, as asked by defendants.

The fourth of such special findings so asked, was as follows :

"Could the deceased, Edward Voelker, have seen or heard the defendant's train approach the crossing of St. Clair avenue in East St. Louis if he had looked  or listened as he approached said crossing, at the time he received the injury from the effect of which he died?"

This  question the court modified by inserting after the word "Voelker," the words, " If he had used ordinary care and diligence."

In the submission to the jury of a proposition upon which they are to find specially, it is eminently proper that the proposition should be submitted with reference to an issue as made by the pleadings in the case, with reference to a fact that must be affirmatively shown before a verdict could be sustained.    The question of ordinary care and diligence used by the person injured was a material subject of inquiry in this case, and by the modification made by the court of the special finding asked to be submitted to the jury for decision, the question as to the conduct of the deceased in the use of such ordinary care and diligence is properly stated ; but without such modification, a finding by the jury would have been meaningless, as applied to the issues submitted to them, because the question as asked, if found for the defendant, could have afforded no ground for the entry of a judgment thereon against the general verdict; while, as modified by the

court, a finding thereon might have controlled the general verdict, if adverse thereto.   Wherefore such modification of said fourth special finding was not error.

Accordingly, as we find no error in this record, the judgment is affirmed.

*Judgment affirmed.*