THE WABASH RAILWAY COMPANY

v.

EWING H. ELLIOTT.

*Filed at Springfield May 13, 1881.*

1. NEGLIGENCE—*care required of plaintiff, to recover.* A servant of a railway company, to recover of the company for a personal injury growing out of alleged negligence on the part of the company, must have used ordinary care on his part, considering his surroundings,—that is, such care as men of ordinary prudence would usually exercise under the same or like circumstances.

2. SAME—*negligence of plaintiff is a question for the jury.* It is not the province of the circuit court to determine, in an action to recover for an injury occasioned by the alleged negligence of the defendant, what circumstances will be sufficient to charge a plaintiff with want of ordinary care, and thus prevent a recovery by him. Therefore, an instruction which directs the jury, in substance, what circumstances will show or constitute a want of ordinary care in the plaintiff, is properly refused.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Brown county; the Hon. S. P. SHOPE, Judge, presiding.

This was an action on the case, by the appellee against the appellant, brought in the circuit court of Brown county, to recover for personal injury alleged to have resulted from negligence on the part of the appellant.

The negligence charged in the declaration was, that the railway company placed an iron rod or timber across the top of the west end of the bridge on its road, at Valley City, so low as to endanger the lives and safety of the employees of the company, and negligently permitted it to remain in such dangerous position until the plaintiff, as brakeman, while on the top of a train, in the line of his duty, using due care, was struck and injured on the head by the rod or timber, as the train was coming from the west, on July 3, 1878.

31—98 ILL.

The trial resulted in a verdict and judgment in favor of the appellee for $2500, which judgment was affirmed by the Appellate Court for the Third District. The railway company brings the case to this court by appeal, and assigns for error, that the verdict, on the evidence, should have been set aside, and also that the court erred in refusing its sixth instruction asked. That instruction reads as follows:

" The law, for wise purposes, requires every sane man to use and employ his reason and his senses under all ordinary circumstances of life; and if the jury believe, from the evidence, that the plaintiff, as brakeman, before the injury complained of, enjoyed fair and reasonable opportunities for acquiring·a knowledge of the condition of said bridge, and the danger arising therefrom,—if any there was,—but ignoring such opportunities, and refusing or neglecting to avail himself thereof, willfully or negligently remained in ignorance of the condition of said bridge, if the same was dangerous, he can not take or derive any advantage from such ignorance, but his rights are to be determined the same as if he possessed the knowledge he might have acquired by the reasonable exercise of his faculties."

Messrs. BROWN, KIRBY & RUSSELL, and Mr. W. L. VANDEVENTER, for the appellant:

The circuit court erred in refusing a new trial to the appellant, and the Appellate Court erred in not reversing the judgment of the circuit court for that reason. *Indianapolis, Bloomington and Western Railroad Co.* v. *Flanigan,* 77 Ill. 371; *Illinois Central Railroad Co.* v. *Welch,* 52 id. 188.

If the plaintiff knew of the danger complained of, he should have quit the service of the company, unless induced by the company to believe a change would be made, and his continuing in the company's employ with such knowledge prevents a recovery for any injury occasioned by the known danger. *Camp Point Mfg. Co.* v. *Ballou,* 71 Ill. 417; *Chicago and Alton Railroad Co.* v. *Munroe,* 85 id. 25; Shearm.

& Redf. on Neg. § 94; *Buzzell* v. *Laconia Mfg. Co.* 48 Me. 113; *Patterson* v. *Wallace,* 1 Macg. H. L. 748; *Loonam* v. *Brockway,* 3 Robertson, 74; *Mad River Railroad Co.* v. *Barber,* 5 Ohio St. 541; *Griffiths* v. *Gidlow,* 3 Hurls. & N. 648; *McGlynn* v. *Brodie,* 31 Cal. 376; *Hayden* v. *Smithville Mfg. Co.* 29 Conn. 549; *Wright* v. *New York Central Railroad Co.* 25 N. Y. 562; *Priestly* v. *Fowler,* 3 M. & W. 1; *Dynam* v. *Leach,* 40 Eng. L. & Eq. 491; *Woodley* v. *Metropolitan Railway Co.* 2 Law Times, 384; *Indianapolis, Bloomington and Western Railroad Co.* v. *Flanigan, supra; Chicago, Burlington and Quincy Railroad Co.* v. *Clark,* 2 Bradw. 596; *Illinois Central Railroad Co.* v. *Jewell,* 46 Ill. 99; *De Witt* v. *Pacific Railroad,* 50 Mo. 302; *Baylor* v. *Delaware Railroad Co.* 40 N. J. L. 23; *Owen* v. *New York Railroad,* 1 Lansing, 108; 2 Thomp. on Neg. 1013.

Where the servant's action is founded on the assumption that the master ought to have known of the defect which caused the injury, it is clearly a sufficient defence to show that the servant had equal means of knowledge. Shearm. & Redf. on Neg. § 94.

If one knowingly exposes himself to danger which can be readily avoided, and sustains injury, he must attribute it to his own negligence. *City of Bloomington* v. *Read,* 2 Bradw. 547; *Toledo, Wabash and Western Railway Co.* v. *Eddy,* 74 Ill. 138.

There was error in refusing appellant's sixth instruction. That it contains a correct proposition of law, we refer the court to the following authorities: *St. Louis and Southeastern Railroad Co.* v. *Britz,* 72 Ill. 257; *Indianapolis, Bloomington and Western Railroad Co.* v. *Flanigan, supra;* Shearm. and Redf. on Neg. § 94; Whart. on Neg. § 214.

Mr. JOHN J. MCDANNOLD, Messrs. EWING & HAMILTON, and Mr. WILLIAM H. BARNES, for the appellee:

Knowledge on the part of the servant, that the machine or appliance is defective or dangerous, while not sufficient of

itself to take the case from the jury, is, nevertheless, evidence of negligence to go to the jury. Thompson on Neg. 1015; *Shanny* v. *Androscoggin*, 66 Me. 420; *Coombs* v. *New Bedford C. Co.* 102 Mass. 572.

This doctrine applies even to a case where the servant is injured by the machine or appliance he works with, of which he is presumed to have the best means of knowledge. But the case is very different where his injury is caused by other defects of which he has no better means of knowledge than his employer. In this State it is settled doctrine, that he may presume that there is no dangerous defect in the " construction of the road, and its appurtenances and bridges." *Railroad Co.* v. *Swebb*, 45 Ill. 197; *Fairbank* v. *Hœntzche*, 73 id. 239; Thompson on Neg. 1012. This instruction was refused in *Dorsey* v. *Phillip & Co.* 72 Wis. 583. The *Flanigan case* (77 Ill. 365,) is not authority against this view, as the injury was caused by a defect in the coupling of the car the servant was working with. The *Britz case* (72 Ill. 256,) is not applicable for the same reason, and is less in point. It is not the law applicable to this case to tell the jury that plaintiff's " rights are to be determined the same as if he possessed the knowledge he might have acquired by the reasonable exercise of his faculties."

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

As to the weight of the evidence relating to the allegation of facts, the judgment of the Appellate Court is conclusive. As to the instruction asked by the appellant, and which the circuit court refused to give, we think the decision was right.

It is not the office of the circuit court to determine what circumstances will be sufficient to charge a plaintiff with want of ordinary care, or such want of care as will cut off a right of recovery. The law of this case required of the plaintiff

that he should use ordinary care, considering his surroundings,—that is, such care as men of ordinary prudence would usually exercise under the same or like circumstances. By asking this instruction the court was called upon to usurp the province of the jury, and direct them, in substance, as to what circumstances would show or constitute a want of ordinary care.

Finding no error, the judgment of the Appellate Court in this case is affirmed.

*Judgment affirmed.*