MANDA MYERS, Admx.

*v.*

THE INDIANAPOLIS AND ST. LOUIS RAILWAY COMPANY.

*Filed at Springfield March 30, 1885.*

1. NEGLIGENCE—*want of due care on the part of the person injured.* Where a section hand, working on a railroad track, sees a freight train approaching, and gets off the track to let it pass, and immediately afterward steps upon the track, when he is struck by a detached part of the train following the part just passed, and is killed, and it appears that the separation of the train was accidental, and not discovered by those in the rear cars in time to avert the injury, and the deceased might, by the use of ordinary care, have discovered that the cars had been detached and the approach of the car which struck him, in time to avoid all danger, no recovery can be had for his death.

2. SAME—*as a question of law or fact.* The question of negligence is one of fact, and not one of law; and an instruction which tells the jury, as a matter of law, that certain facts constitute negligence, is erroneous. It is for the jury to determine, from the evidence, whether one or both the parties may have been negligent in their conduct.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CRAIG & CRAIG, and Mr. J. S. HALL, for the plaintiff in error.

Messrs. WILEY & NEAL, and Mr. JOHN T. DYE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Manda Myers, administratrix of the estate of Logan K. Myers, against the Indianapolis and St. Louis Railway Company, to recover damages for the death of plaintiff's intestate, which was caused, as alleged in the declaration, by the negligence of the defendant railroad

company, on the 13th day of February, 1883. Myers, at the time of his death, was in the service of the company, working on the track as a section hand. A freight train going west, after it left Ashmore, a station on the road, became separated, two cars and the caboose being detached from the train. As the train approached the section hands, Myers stepped off the track to let the train pass, and when the first section of the train passed, he stepped on the track again, and was struck and killed by the detached cars, which were running some eighty or one hundred yards behind the first section of the train, and were not discovered by Myers in time to get off the track before he was struck.

No question has been raised in regard to the admission or exclusion of evidence, on the trial. The court, at the request of plaintiff, gave to the jury three instructions, without modification, which fully presented the law on the facts as claimed by the plaintiff. On behalf of defendant the court gave four instructions,—Nos. 2, 3, 4 and 5,—all of which are claimed by plaintiff to be erroneous, and the decision of the court in giving these instructions is the only error relied upon to reverse the judgment. Instruction No. 2 was as follows:

"If the jury believe, from the evidence, that the deceased, Logan K. Myers, could have seen that the train was parted, if he had looked before he walked onto the track, and that he did not look or take any means whatever to ascertain whether he could safely enter upon the railroad track, and that it was not possible to have stopped the train, after he entered the track, in time to avoid a collision with him, then the jury will find for the defendant."

No claim is made in this case, either in the declaration or the evidence submitted to the jury, that the defendant, in the operation of its train, was guilty of wanton or willful injury. The evidence is, that a freight train had broken in two a few miles after leaving the station, and before the break was dis-

covered by those in charge of the train, the accident happened which resulted in the death of Myers. It will be observed that the deceased was not killed at a public crossing while in the act of crossing the railroad track, where the company was required to give signals of the approach of its trains by ringing a bell or sounding a whistle, but he deliberately walked upon the track, after the engine and a part of the train had passed, without taking any precaution whatever, either by looking or listening, to ascertain whether there was danger from a moving car or train. Under such circumstances, did the instruction announce a proposition not sanctioned by the law? If the deceased, in going upon the track, took no means whatever to guard against danger, and those in charge of the train were free from fault, as they must have been if it was not possible for them to stop the train in time to avoid a collision, then the plaintiff can not recover. Where an injury has been received, and the person injured is alone in fault, it needs no argument to prove that an action can not be maintained,—and this is the substance of the charge to the jury. In order to recover for an injury of this character, the person injured must exercise ordinary care to avoid danger, and those in charge of the train must be proven to have been negligent in the management of the train. If the jury found, from the evidence, the facts existed as stated in the instruction, no recovery could be had. So far as this instruction is concerned, it could not mislead the jury, and we perceive no ground upon which it can be regarded erroneous.

Complaint is also made of instructions Nos. 3, 4 and 5. So far as one question is involved they are substantially alike, and may be considered together. In No. 3 the jury were directed that if, at the time Myers stepped between the two rails, he could have seen, by simply looking, that the train was parted, and that the rear of the train was approaching the place where he entered the track, then Myers was guilty of such negligence and want of care as prevent a recovery.

The fourth instruction informed the jury that if they found that the brakeman and conductor on the rear part of the train did certain acts therein specified, as soon as they reasonably could after they discovered the break in the train, then defendant is free from any negligence. No. 5 is as follows:

"But even if you should believe that the conductor and brakeman on the rear end of the train failed to exercise such care and diligence in bringing the train to a stop, as they were required to do, under the circumstances, by the rules of the company, still, if the deceased, Logan K. Myers, could have seen the break in the train, and the rear end approaching the point where he entered the track, by simply looking, then he was himself guilty of such negligence as prevents his recovery in this case, and you will find for the defendant in that event of the proof."

This court has held in a number of cases that negligence was a question of fact, and not one of law. *Great Western Railroad Co.* v. *Haworth*, 39 Ill. 353; *Chicago and Alton Railroad Co.* v. *Pennell*, 94 id. 448; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Pennsylvania Co.* v. *Frana*, 112 id. 398. Under the ruling in the cases cited, an instruction which tells the jury, as a matter of law, that certain facts constitute negligence, is erroneous. It is for the jury to determine, from the evidence, whether one or both of the parties may have been negligent in their conduct, and not for the court to take the question from them, and declare, if certain facts exist, negligence is established. Each one of the three instructions violates this rule, and directs the jury that if certain facts exist negligence is established.

The instructions, in our opinion, were erroneous, and the judgment of the Appellate Court will be reversed and the cause remanded.

*Judgment reversed.*