## CHICAGO & ALTON RAILROAD COMPANY
### v.
## ALBERT ADLER.

*Railroad—Personal Injury at Street Crossing—Action for Damages— Dangerous Rate of Speed—Contributory Negligence—Instructions—Dam- ages—Whether Excessive.*

1. In an action against a railroad company to recover damages for caus- ing the death of plaintiff's intestate, it is *held:* That the court properly declined to instruct the jury to find for the defendant; and that the ques- tions whether the deceased was in the exercise of reasonable care and whether the defendant was guilty of negligence, were for the jury.

2. The question of damages rests in the sound discretion of the jury. In the case presented a verdict for $2,400 for causing the death of a healthy, industrious man, twenty-one years of age, is sustained.

3. It is proper to refuse instructions which undertake to state what acts done or omitted on the part of the deceased would constitute such negli- gence as to defeat a recovery.

4. Persons using the streets in a city have the right to assume that rail- way trains passing over the crossings will be run with great caution and with due regard for their rights.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

It is respectfully submitted that in this case there was no evidence whatever of the exercise of ordinary care to avoid injury upon the part of the deceased. There is no fact or circumstance from which the jury could infer the existence and use of ordinary care. On the contrary, the evidence shows that he was grossly negligent. It is essential in these cases for the plaintiff to prove that he was in the exercise of ordinary care to avoid injury, and the absence of such proof, or facts from which it could be inferred by the jury, is fatal to the cause of the plaintiff, upon whom the burden of proof rests as to that fact. C. & I. Co. v. Martin. 115 Ill. 370–3.

In cases where danger is reasonably to be apprehended, proof of positive or special care must be made. C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 245.

"On approaching a railroad a traveler must use his eyes and ears, and must avoid danger if he can, notwithstanding the negligence of the company." Henze v. St. L., K. C. & N. R. R. Co., 71 Mo. 636; Purl v. St. L., K. C. & N. R. R. Co., 72 Mo. 168; Pa. Co. v. Ruddell, 100 Ill. 603; C. & N. W. R. R. Co. v. Hatch, 79 Ill. 137.

Neglect to sound a whistle or ring a bell is not such neglect as will authorize a recovery of itself, but it must be shown by the evidence that the injury was the result of such negligence. I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; I. C. R. R. Co. v. Benton, 69 Ill. 74; C., B. & Q. R. R. Co. v. Notzki, 66 Ill. 455.

The conclusion from all the cases is, that if one goes upon a track without taking the necessary precautions to ascertain whether there is an approaching train or not, he is guilty of gross negligence and he can not recover. N. P. R. Co. v. Heileman, 49 Pa. St. 60–64; P. R. Co. v. Beale, 73 Pa. St. 504; Rorer on Railroads, Vol. 1, Ch. 17, Sec. 7, p. 535.

The burden of proof in this case rested upon the plaintiff to prove, not only that defendant omitted to sound a whistle or ring a bell, but also to show that he was in the exercise of care and diligence at the time of the accident. C., B. & Q. R. R. Co. v. Damerell, 81 Ill. 454, and cases there cited.

We maintain that all the surroundings put upon Beuck the

duty of exercising a positive or special care to avoid the danger which he knew would attend the crossing of these railroad tracks, and a mere negative condition of going on the tracks without looking or listening would not put him in the position of exercising ordinary care. Such is the law as laid down by this honorable court in a well considered case. C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 245; C., B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 181; U. Ry. & T. Co. v. Kallaher, 12 Ill. App. 400.

Messrs. HALEY & O'DONNELL, for appellee.

Whether or not a party is guilty of negligence in not looking out for an approaching train is a question of fact for the jury, and where there is evidence tending to establish the facts relied on for a recovery, the verdict must stand. The question of negligence is a question of fact for the jury. L., S. & M. S. Ry. v. O'Conner, 115 Ill. 254; C. & A. Ry. Co. v. Carey, 115 Ill. 115.

Where there is evidence tending to show that a crossing is of a dangerous character in a populous place, and that the injury was caused by the rapid running of a train there, a verdict for plaintiff will not be disturbed. C., B. & Q. R. R. v. Payne, 59 Ill. 534.

The persons in charge of a train are presumed to be cognizant of the character of a crossing and that persons are liable at all times to be in the act of passing. I. & St. L. R. R. v. Stables, 62 Ill. 313.

Where a railroad company is not restricted by law to any rate of speed, unusual speed at crossings, where men or animals are generally exposed to danger, may be considered with other matters—as a failure to give signals, etc.—to determine the want of proper care. Thompson on Neg., Vol. 2, p. 418, n. 9.

A railroad company should not permit obstructions upon its right of way, near a crossing, which will prevent the public from observing the approach of trains. R. R. I. & St. L. R. R. Co. v. Hilmer, 72 Ill. 235.

There is no precise rule as to the duties which railway companies owe to strangers crossing their lines of travel, except

where the same is prescribed by statute. What will constitute reasonable care depends on the circumstances. A greater degree of care is required at street crossings in populous cities than at the crossing of a country road. Thompson on Neg., Vol. 2, p. 417.

C. B. Smith, J. This is an action in case, brought by Albert Adler, administrator of William Beuck, deceased, against The Chicago and Alton Railroad Company, charging that it negligently caused the death of Beuck. The undisputed facts as disclosed in this record are' these: In the city of Joliet, where the accident occurred, there are two streets crossing each other. Fourth avenue runs east and west. Eastern avenue runs northeast and southwest and crosses Fourth avenue at an angle. At the crossing of these two avenues the Chicago and Alton railroad track also crosses, running nearly in a north and south direction. At this crossing there are three railroad tracks. On the north and south sides of Fourth avenue and on the east side of Eastern avenue are two warehouses, one on each side of Fourth avenue, and coming close up to the line of Eastern avenue. There is also a scale-house on the north side of Fourth avenue between the railroad tracks and the warehouse, and a little northeast of the warehouse there was a residence. Both these streets were much used by the public, being within the corporate limits of the city of Joliet. The railroad also seems to have used this point for two or more side-tracks or switches. On the day of the accident Barnum's show was exhibiting in Joliet only a short distance from the junction of these streets, and a large number of people were using the streets. What was known as the Denver train on defendant's road going south was due about two o'clock in the afternoon. The deceased, Beuck, about that time was driving a single horse and buggy westward on Fourth avenue on a gentle trot, and just as he came on the crossing of the railroad track he was struck by the locomotive drawing the Denver passenger train and instantly killed. The declaration charges the defendant with having negligently caused his death while the deceased

was in the exercise of reasonable care. The general issue was pleaded. A trial resulted in a verdict for plaintiff of $2,400. A motion for a new trial by the defendant was overruled and judgment rendered on the verdict. Appellant brings the case here on appeal for review and assigns the usual errors. The important and material question involved is, whether the defendant was guilty of such a degree of negligence in running its train as to make it liable for the death of Beuck. The appellant insists, *first*, that defendant was not guilty of negligence in running its train on that day, and *secondly*, that if its negligence be proven or admitted, then it is excused by the negligence of the deceased, which it alleges was equal to or greater than that of defendant. We have given above the situation of the streets and the railroad track at the point where the accident occurred as conceded by both parties. There were some controverted questions involved on the trial of the case, which went to affect the question of negligence of both parties. Several witnesses swear for the plaintiff on the trial that the railroad company had left standing on one of its side tracks, east of the passenger track, a number of the box cars belonging to Barnum's "show train," and that they came so close up to the north line of Fourth avenue, and lay there northward for some distance along the line of the passenger track, that the line of vision was so obstructed that the deceased, going westward on Fourth avenue, could not see the approaching train coming from the north until he was almost on the track. These cars lay westward from the warehouse and scale-house and were additional obstructions to any one seeing to the north, who was approaching the track from the east. Some of plaintiff's witnesses also swear positively that no flagman was at the crossing to give warning of the approach of the train. On the part of the defendant a number of witnesses swore that there were no cars standing on the track to obstruct the view, and that there was a flagman standing in the middle of the crossing waving his flag at the deceased and trying to stop him, but that he neither looked for the cars nor saw the flagman, but drove straight on the track after some person had called to him to stop. The proof is also that

the train was running at the time at a rate of speed from fifteen to twenty miles an hour. Neither the engineer nor the fireman denies this rate of speed. Several of plaintiff's witnesses swear they heard no bell ringing and heard no whistle. This is contradicted by the fireman on the train as well as by other witnesses, who say they heard the bell. After a careful examination of the evidence we can not say that the jury were not justified in finding the defendant guilty of negligence in running its train at that rate of speed in a populous city and especially at a public street crossing, and within a short distance of the "Greatest show on earth." The fast and dangerous speed of the train is one of the acts of negligence charged in the declaration. Whether that rate of speed was proven and was dangerous and reckless running in a city and at a public crossing, either with or without a flagman there, was a question of fact for the jury, and unless we can clearly see from the evidence that they have found erroneously, or been governed by prejudice or passion, we are not warranted in setting aside their finding under the uniform ruling of this and the Supreme Court. So, also, was the alleged negligence of the deceased at the time of his death a question of fact for the jury, and we see no sufficient reason to interfere with their finding upon the evidence in the record. He was driving in a top buggy, going west, with the warehouse and weighing house on the north of him, and if plaintiff's witnesses are correct, also a line of Barnum's cars lay in a position to prevent him seeing the train approach from the north. One witness who was driving in the same direction and who had almost reached the track, swears that he neither heard nor saw the train until it came plunging on the crossing from behind the line of Barnum's cars, and was immediately upon the deceased. The degree of care to be exercised by persons using streets and public highways as well as railways using the crossings depends very much on the situation and surroundings of both. While it is always and under all circumstances the duty of both to use reasonable care, still, reasonable care in one situation might not be reasonable care in another. Thus a rate of speed for a train in crossing a public highway in the country,

which would there be reasonable, might be dangerous and reckless in a city or town. Persons using streets in a city have a right to suppose that railway trains passing over the crossings will be run with great caution and with due regard to the rights of people going on the streets. The I. & St. L. Ry. Co. v. Stables, 62 Ill. 313; R. R. I. & St. L. Ry. Co. v. Hillman, 72 Ill. 235. It is also the duty of railroad companies to keep the crossings and the approaches to them reasonably clear from incumbrances that hinder the public from seeing the approach of trains.

Complaint is made that the court erred in not directing the jury to find for the defendant. There was no error in this. Under the state of the evidence in this case, such an instruction to the jury would have been manifestly wrong. The court should never take the case from the jury unless it is clearly satisfied that a verdict could not stand, and where there is substantially nothing for the jury to try. This question came before the Supreme Court in C., B. & Q. R. R. Co. v. Payne, 59 Ill. 534, upon a state of facts very similar to those disclosed in this record. In that case Payne was killed at a public highway crossing in the country, much used by public travel, and from its situation made a dangerous crossing. The court was then asked to instruct the jury to find for the defendant, but the court refused so to do. In that case the road crossing was two miles from a populous city, and the ruling of the court was held correct.

The second and third instructions asked by the defendant are substantially alike, and were both properly refused by the court. They both distinctly declare what acts done or omitted on the part of the deceased would constitute such negligence as to defeat a recovery. What acts done or omitted will constitute negligence is a question of fact for the jury to decide, and not for the court, upon the trial. These two instructions asked the court to usurp the province of the jury. Wabash R. R. Co. v. Elliott, 98 Ill. 481.

Complaint is made that the court modified another of defendant's instructions (not numbered) before giving it. The modification simply submitted to the jury to say whether the

C. & A. R. R. Co. v. Adler.

supposed facts in the body of the instructions, if true. amounted to acts of negligence on the part of the deceased. In this there was no error.

Complaint is also made that the court erred in giving plaintiff's instructions. But five instructions were asked by the plaintiff. We find no error in any of them; they lay down the simplest and plainest maxims of the law governing the case and we think are free from the criticisms made upon them. We find no error committed against the defendant in the instructions. Indeed, the instructions given for the defendant are very elaborate, (twenty-one in number,) and lay down the law as clearly and forcibly in favor of the defendant as it was possible for the learned counsel to prepare and write.

It is lastly urged that the court ought to have granted a new trial because the damages are excessive. The deceased was a young man about twenty-two years of age and was a butcher. The evidence shows that he was an active and industrious young man ; that he worked for Adler from the time he was twelve or fourteen years old, and that he gave all his earnings to his mother. Adler swears that his mother was at one time indebted to him in the sum of $400 and that this young man and his brother paid it all off for their mother. There is no standard by which to measure the damages in cases of this kind except the sound judgment and discretion of the jury and the character and habits of the deceased as disclosed from the evidence. The damages can only be compensatory for pecuniary loss. In the City of Chicago v. Major, 18 Ill. 349, a verdict for $800 was sustained for the death of a four year old child. In C. & A. R. R. Co. v. May, 108 Ill. 288, a judgment was recovered by the widow of the deceased, who was a laborer, for $3,250, and was sustained on appeal. We do not think the verdict in this case was excessive under the evidence.

Perceiving no error in this record the judgment is affirmed.

*Judgment affirmed.*