THE CITY OF CHICAGO

*v.*

SARAH A. T. McLEAN.

*Filed at Ottawa May 14, 1890.*

1. MEASURE OF DAMAGES—*personal injury from negligence—mental suffering.* Where suffering in body and mind is the result of injuries caused by negligence, it is proper, in an action to recover for such injuries, to take it into consideration in estimating the amount of damages, and it is not error to instruct the jury that they have a right to consider such suffering.

Syllabus.

2. SAME—*pleading and evidence—what damages recoverable under the pleadings—allegation of special damages.* In an action against a city to recover for a personal injury caused by a defective sidewalk, the plaintiff was asked: "How has your mind been since that time (time of the injury)—your faculties?" and she answered, "Very poor—very different from what it was before." It was objected that this was matter of special damage, and should have been specially pleaded. The declaration averred that the plaintiff "suffered great pain and agony:" *Held,* that there was no error in allowing the answer to the question, as agony is violent pain of body or mind.

3. The plaintiff is always entitled to recover all damages which are the natural and proximate consequence of the acts complained of. Those damages which necessarily result from the injury are termed general, and may be shown under the general allegations of the declaration. Only those damages which are not the necessary result of the injury, and which are termed special, are required to be stated specially in the declaration. No allegation of special damages is necessary to the admission of evidence of mental suffering, which is inseparable from bodily injury.

4. NEGLIGENCE—*as a question of fact.* The question of negligence of a plaintiff contributing to his injury is one of fact, and not one of law. It is for the jury to determine, from the evidence, whether one or both of the parties may have been negligent in their conduct, and not for the court to take the question from them, and declare that if certain facts exist negligence is established. It is not proper for the court to tell the jury that certain facts constitute negligence.

5. SAME—*contributory negligence—injury from defective sidewalk—want of proper care.* In an action against a city to recover for a personal injury received from a defective sidewalk, the plaintiff, in order to recover, must have made a reasonable use of his faculties when walking along the sidewalk, to avoid danger; but what was such reasonable use is a question of fact, to be determined by the jury under all the circumstances shown by the evidence.

6. A plaintiff can not recover of a city damages for a personal injury resulting from a neglect to keep a sidewalk in proper repair, if, at the time of the injury, he failed to exercise ordinary care for his own safety to prevent or avoid the injury.

7. SAME—*former decision—distinguished.* The case of *Village of Kewanee* v. *Depew,* 80 Ill. 119, was decided when both questions of law and fact were presented to this court; and besides, the plaintiff in that case had seen the defect in the sidewalk four or five days before he was injured, and it appeared that he paid no attention to the defect, while in this case the plaintiff knew nothing of its existence.

133 148
169 213
170 57
72a 90

133 148
74a 426
74a 452

133 148
175 408

133 148
180 358

133 148
85a 604

133 148
92a 4259

133 148
94a 1 82

133 148
109a 5526

133 148
110a 14429

133 148
112a 4443

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. George F. Sugg, Mr. Charles S. Cameron, and Mr. William E. Hughes, for the appellant:

The instructions given by the court were erroneous, and necessarily affected the verdict. There was error in telling the jury that suffering in mind was an element of damages to be considered. In *Hannibal and St. Jo Railroad Co.* v. *Martin*, 111 Ill. 219, and *Indianapolis and St. Louis Railroad Co.* v. *Stables*, 62 id. 313, the court approved such an element of damages. The cases against such rule are *Joch* v. *Dankwardt*, 85 Ill. 331, *Railroad Co.* v. *Sutton*, 53 id. 397, *Bridge Association* v. *Loomis*, 20 id. 235, and *Flemington* v. *Smithers*, 2 C. & P. 292. 2 Greenleaf on Evidence, sec. 267.

The instruction was erroneous for the further reason no special damages were alleged in the declaration. *Baldwin* v. *Railroad Co.* 4 Gray, 333; *Chicago* v. *O'Brennan*, 65 Ill. 160; *Coal Co.* v. *Hood*, 77 id. 68.

General damages are such as naturally and necessarily arise, or they are such as the law presumes to have accrued from the wrong. Special damages are such as really took place, but are not implied by law, and do not necessarily flow from the injurious acts of the defendant. 1 Chitty's Pl. 396; *Dumont* v. *Smith*, 4 Denio, 319; *Olmstead* v. *Burke*, 25 Ill. 86.

The court erred in refusing instructions asked by appellant. The fourth refused states the law as laid down in *Kewanee* v. *Depew*, 80 Ill. 119. It was error to refuse the sixth. *Chicago* v. *McGiven*, 78 Ill. 347; *Aurora* v. *Brown*, 12 Bradw. 122.

Mr. Frederick Peake, and Mr. James Frake, for the appellee:

Unless the verdict is clearly against the weight of the evidence, it will be held conclusive on questions of fact. *Life*

*Ins. Co.* v. *Ellis,* 89 Ill. 516; *Railroad Co.* v. *Henderson,* id. 86; *Manufacturing Co.* v. *Pike,* 12 Bradw. 506.

The case cited by appellant, of *City of Bloomington* v. *Goodrich,* 88 Ill. 558, is not a parallel case. There was in that case a verdict for $4500 damages, and it was held the verdict was excessive.

The instruction given by the court, on its own motion, as to the measure of damages, was not objectionable. Shearman & Redfield on Negligence, sec. 758; *City of Joliet* v. *Conway,* 119 Ill. 489; *Chicago* v. *Sheehan,* 113 id. 658; *Railroad Co. Baddeley,* 54 id. 19.

Mental as well as bodily suffering is proper to be considered. *Railroad Co.* v. *Martin,* 111 Ill. 219; *Railroad Co.* v. *Stables,* 62 id. 313.

There is no error in refusing to give an instruction if other instructions given state all the principles of law contained in such refused instruction, or all that it is proper to give. *Baird* v. *Trustees,* 106 Ill. 657; *Thompson* v. *Duff,* 119 id. 226.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of case commenced by the appellee against the appellant in the Circuit Court of Cook County on March 13, 1888, to recover damages for a personal injury. The trial resulted in a verdict and judgment for the plaintiff, which judgment has been affirmed by the Appellate Court. The cause is brought here by appeal from the Appellate Court.

The declaration avers, in substance, that the City wrongfully and negligently suffered the sidewalk of Hermitage Avenue to be and remain in an unsafe and dangerous condition; that a part of the sidewalk about four feet in length had been "torn down," or the sidewalk had never been built so as to extend over said space of four feet in length, as it should have been and would have been had the sidewalk been complete; that such space was open and uncovered, except by one plank

laid lengthwise with the sidewalk across said open space, which
plank was loose and insecure; that, in the evening of March
15, 1886, plaintiff was passing along said sidewalk, it being
then dark and there being a driving snow storm; that, while
plaintiff was using all due care to prevent injury to herself,
she stepped into said open space, and fell to the ground, and
was injured, etc.

The facts are settled by the judgment of the Appellate Court.

Appellant complains of an instruction given by the trial
court, which told the jury that, if they found the defendant
guilty and that plaintiff had sustained damages by reason of
the injury, they had a right, in estimating such damages, to
"take into consideration all the facts and circumstances in
evidence before them, the nature and effect of the plaintiff's
physical injuries, if any, shown by the evidence to have been
sustained from the cause alleged in the declaration—*her suf-
ering in body and mind,* if any, resulting from such injuries,"
etc. The part of the instruction, which is particularly objected
to, is that which allows damages for "suffering in *mind.*"

The instruction here complained of is substantially the same
as the fifth instruction in *H. & St. J. R. R. Co.* v. *Martin,* 111
Ill. 219, which was held to be good. In that case we said:
"Where suffering in body and mind is the result of injuries
caused by negligence, it is proper to take them into considera-
tion in estimating the amount of damages." The decision in
the Martin case is conclusive upon the point here made, and
we must hold that the instruction given by the trial court was
not erroneous.

Upon her direct examination plaintiff was asked this ques-
tion: "How has your mind been since that time, your facul-
ties?" to which she answered as follows: "Very poor, very
different from what it was before." An objection to this ques-
tion and answer by defendant's counsel was overruled and
exception was taken. Counsel for appellant urge, as a reason
why their objection should have been sustained, that the effect

of the injury upon the plaintiff's mind was matter of special damage and should have been specially pleaded in the declaration.

In the first place, the language of the declaration is broad enough to cover such effect upon the mind as may have resulted from the injury to the body. It is averred that plaintiff "suffered great pain and agony." Agony has been defined to be violent pain of body *or mind.* In the second place, the plaintiff is always entitled to recover all damages which are the natural and proximate consequence of the act complained of; and those damages which *necessarily* result from the injury are termed general, and may be shown under the general allegations of the declaration. Only those damages, which are not the *necessary* result of the injury, are termed special and required to be stated specially in the declaration. (*Quincy Coal Co.* v. *Hood, Admr.* 77 Ill. 68). But the body and mind are so intimately connected that the mind is very often directly and necessarily affected by physical injury. There cannot be severe physical pain without a certain amount of mental suffering. The mind, unless it is so overpowered that consciousness is destroyed, takes cognizance of physical pain and must be more or less affected thereby. (*The I. & St. L. R. R. Co.* v. *Stables*, 62 Ill. 313). We do not understand, that the instruction, or the admitted proof in this case, contemplated any other mental suffering than that which was inseparable from the bodily injury. Therefore, no allegation of special damage was necessary. Any mental anguish, which may not have been connected with the bodily injury, but caused by some conception arising from a different source, could not properly have been taken into consideration by the jury. We are of the opinion that it was not error to overrule the objection.

Appellant also assigns as error the refusal of the Court to give the fourth and sixth instructions asked by it. In the fourth it was stated, that "a person in the full possession of

her faculties, passing over a sidewalk where there is light, with no crowd to jostle or disturb her and no intervening obstacle to hide a dangerous place which she is approaching and no sudden cause to distract her attention, is bound to use her eyes to direct her foot steps, and if she failed to do so, and is negligent therein, she has no cause of action against the city for injuries received by her because she stepped, without looking, into such dangerous place." In the sixth it was said, that "ordinary care requires that the foot passenger shall use her eyes as well as her feet, and therefore if you believe from the evidence, that the plaintiff was injured because of the failure on her part to look where she was going, or observe the condition of the sidewalk on which she was walking, you should find the defendant not guilty."

These instructions were properly refused. They virtually tell the jury that certain facts constitute negligence. Negligence is a question of fact and not one of law, and "it is for the jury to determine, from the evidence, whether one or both of the parties may have been negligent in their conduct, and not for the court to take the question from them, and declare, that, if certain facts exist, negligence is established." (*Myers* v. *I. & St. L. Ry. Co.* 113 Ill. 386, and cases there cited.)

The plaintiff in this case was bound to make a reasonable use of her faculties when walking along the sidewalk in order to avoid danger, but what was such reasonable use was a question of fact to be determined by the jury under all the circumstances disclosed by the evidence. A number of instructions, which were given, told the jury that the plaintiff could not recover unless she "was at the time of such injury exercising reasonable care and caution."

Several instructions given at the request of the defendant embodied all that was material or important in the refused instructions. Among these was the eleventh, which is as follows:

"11. If, after considering all the evidence, you should believe the defendant's servants in charge of the street in contro-

versy failed to exercise ordinary care in keeping its sidewalks on that street in safe condition, yet if you also believe, from the evidence, that plaintiff, at the time of the injury, failed to exercise ordinary care for her own safety to prevent or to avoid the injury complained of, then there can be no recovery by the plaintiff in this case, and the jury should find the defendant not guilty."

What particular facts amounted to an exercise of ordinary care, or what particular facts amounted to a want of ordinary care, it was for the jury, and not for the court, to determine. (*Wabash Ry. Co.* v. *Elliott*, 98 Ill. 481).

Some of the phraseology, used in the fourth instruction, was made use of by this court in *Village of Kewanee* v. *Depew*, 80 Ill. 119.   That case was decided before it had become the law of this State that questions of fact, in actions of this kind, are settled by the judgment of the Appellate Court.   Moreover, it appeared there, that the plaintiff had seen the defect in the sidewalk four or five days before he was injured and several times subsequently, and that, at the time of the injury, instead of looking at the hole in the sidewalk of the existence of which he had knowledge, he was observing a passing buggy to satisfy his curiosity as to the style of harness on the horse.

In the present case there was evidence tending to show that the plaintiff had no previous knowledge of the open space in the sidewalk before she fell into it.   By omitting all reference to this circumstance, the language of the refused instructions required of her the same degree of care in case she was ignorant of the defect as though she had known of it.   Hence, the phraseology, which may have been appropriate in the *Depew* case, was not adapted to the circumstances of the case at bar.

We perceive no such error in the record as would justify a reversal.   The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*