# Central Railway Co. v. Nellie Serfass, by Her Next Friend.

1. INSTRUCTIONS—*Error Will Not Always Reverse.*—Instructions not based on evidence, will not always reverse. For the same reasons instructions based on neither the declaration nor the evidence, should not reverse where it is clear no harm could have come from them.

2. SAME—*To Reverse, Must be Misleading.*—In an action for personal injuries, the court instructed the jury that they might take into consideration, in assessing plaintiff's damages, such permanent injury as he may have sustained, if any injury was shown by the testimony, and such pain and suffering, both mental and physical, as were endured by him, if any was shown by the testimony. *It was held*, that as the plaintiff was a child three years of age, the jury must have understood that the court meant to refer to pain and suffering of mind caused by physical injury, and consequently the jury could not have been misled by the instruction.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

STEVENS & HORTON, attorneys for appellant.

ISAAC C. EDWARDS and JOSEPH A. WEIL, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellee, a child three years old, was struck by a car of appellant, propelled by electric power, while crossing Adams street, in Peoria, between Evans and Morton

streets, on Labor Day, September 15, 1892, where she was caught under the car and dragged twenty-five or thirty feet, fracturing her skull, permanently injuring her hip, harming and bruising her, and otherwise seriously injuring her. She sued appellant by her next friend, in an action on the case, and recovered a judgment of $1,500. The declaration charged negligence on the part of the appellant in that its servant, the motorman, negligently failed to keep a proper lookout in front of his car, whereby he failed to see appellee's approach to the railroad track and prevent injury. Also that the car was run at a rapid and dangerous rate of speed whereby the appellant was struck and injured. The evidence tended to show that the motorman, when the appellee was approaching the track from the lower curbstone of the street, when the car which the motorman was conducting was 150 feet from where the child was crossing the track and struck, was looking to his left, at another electric car, passing south, in the opposite direction from which the car was going which caused the accident, and that appellee was approaching from the right, from which appellant's motorman's head was turned, and that there was no necessity for the motorman looking after the passing train, on a parallel track, close by the one on which the car doing the injury was running.

It also tended to show that the car in question was running at a high and dangerous rate of speed. The evidence also tended to show that appellee approached the track in plain view and could have been seen if the attention of the appellant's motorman had not been diverted in another direction, in time to have avoided the accident.

It is claimed by counsel for the appellant that the evidence, taken as a whole, clearly fails to support the verdict Under the well known rules of law it must fail to do so in order to entitle appellant to a reversal of the judgment. We have examined the evidence closely in view of appellant's argument and brief, and have arrived at the conclusion that this objection is not well taken. The testimony of Frank

E. Howland, Jos. F. Wambackerm, Molly Burns and P. F. Elliott, sustains the allegations of negligence charged in the declaration. Though this evidence is contradicted by appellant's witnesses Bently, Johnson, Devinney, Mrs. Devinney, Wilson, the motorman and Thomas, we are unable to say the jury were not justified in finding the issues for appellee on that point. We feel, under the rules of law, we would not be justified in reversing the judgment on account of failure of the evidence to support the verdict.

The appellee's first, third and seventh instructions given for appellee are called in question by attorneys for appellant. The first and third, because, as is claimed, they allow recovery for negligence not charged. It is insisted that those instructions are erroneous in telling the jury that if the appellant were guilty of negligence in not " using due diligence to stop the car when the danger to plaintiff became apparent " the appellee might recover when, as is insisted, no such act of negligence is set up in the declaration. The allegations in the several counts of the declaration in this particular are that " the defendant carelessly and negligently did not keep a proper lookout and did not stop said car, but by not keeping a proper lookout," etc., committed the injury. The court instructed the jury that the negligence charged in the declaration was, first, " not keeping a proper lookout and failing to use due diligence to stop the car when danger to plaintiff became apparent," etc., and bases recovery on this definition of what the declaration charged.

The declaration did not charge the negligence in those words, but the substance was, that the appellant failed negligently to stop the car in time to prevent the accident. The words in the first count of it are, " but the defendant carelessly and negligently did not keep a proper lookout and did not stop said car." The negligence mentioned in the first clause refers to failure to stop the car as well as to keep a lookout. Not stopping the car was the direct cause of the injury, and the reason the motorman did not stop the car in time was, that he did not see the child or did not use proper exertion when he did see her.

The substance, then, of the charge is, that the appellant's servant in running the car, negligently failed to stop the car because he did not see the child, and therefore the child was run over and injured. While the declaration does not specify any neglect of the motorman in using all precautions to stop the car after he saw the child, we can not think any prejudice could come to appellant by the instructions, although they may be technically inaccurate. The evidence is, as given by the motorman, Wilson, that he did not see appellee until the car was within six feet of her and then he reversed his engine and made all the exertion possible to stop his car, but it could not be stopped but ran twenty-five feet further. The only evidence on which the jury could have found for appellee was the specific negligence charged.

It is a well settled rule of law that instructions not based on evidence, will not always reverse where the court can see no harm could be done by them. For the same reason instructions based on neither the declaration nor the evidence, should not reverse where it is clear no harm could come from them. There is no reasonable possibility that the verdict could have been found by the jury on the basis that the motorman failed to do his duty after he discovered appellee in danger. Then appellant's first instruction stated the law after reciting every count in the declaration and declaring its meaning with accuracy, and told the jury that no recovery could be had unless some one of the charges were proved. The seventh instruction is as follows :

"If from the evidence and under the instructions of the court, you find the issue for the plaintiff and find the defendant guilty, and that the plaintiff has sustained damages, as alleged in the declaration, then you may take into consideration in assessing the plaintiff's damages, such permanent injury as she may have sustained, if such injury is shown by the testimony, and such pain and suffering, both mental and physical, as were endured by her, if any is shown by the testimony."

It is complained that this allows appellee to recover for mental suffering, or what may be styled trouble and vexa-

tion of mind arising from reflection remotely connected with the injury and not directly caused by it. Pain caused by bodily injury, in one sense of the word, is mental suffering, as also, where the mind itself is injured in quality by a corporal injury. So the jury would understand that the court under the evidence must have meant in the instruction to refer to pain and suffering of the mind, caused by physical injury. There could be no pretense that a child only three years old could have any agitation of mind on reflecting on her condition. She was not old enough to have serious reflection, and the instruction referred to recovery for past, not future, pain and suffering. On this point of law see City of Chicago v. McLean, 133 Ill. 148. The jury could not have been misled by the instruction. Seeing no error, the judgment is affirmed.